Pittsburgh *v.* Perri, Appellant.

Argued November 9, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Dale Cleland,* for appellant.

*Charles N. Caputo,* Assistant City Solicitor, with him *David W. Craig,* City Solicitor, for City of Pittsburgh, appellee.

OPINION BY WOODSIDE, J., December 16, 1964:

This case involves an alleged violation of the Pittsburgh Building Code. The Code, Ordinance No. 300 Series 1947, provides in §1006(a) that when a private garage joins a house a fire resistive door must be installed between them.

In 1959, Anthony Perri built 24 houses with garages in Pittsburgh without installing the required doors. According to the stipulated facts, he "has not had possession or control or ownership of any of the houses since [1960]." The required doors had not been installed at the time when the houses were sold by Perri.

Thereafter, in 1961, an action was brought against Perri for violation of the ordinance in failing to install the required doors. He admitted the violation and paid the penalty and costs imposed upon him.

In May 1963, a second action was started against him for violation of the same section in not installing the same doors in the same houses, even though he had no possession, control or ownership of any of the houses since *prior* to the first action.

The alderman again found Perri guilty of violating the ordinance. Upon appeal by Perri, the County Court of Allegheny County affirmed the alderman's action, taking the position that the failure to install the doors was a continuing offense, and that there being no fire resistive doors in the houses in May 1963, Perri was guilty of a violation at that time. Perri appealed to this Court.

Perri paid the penalty imposed in 1961 for his failure to install the required doors and for maintaining the houses in that condition during the time he had

possession, control and ownership of them. It is basic, fundamental and axiomatic that the city cannot extract a second penalty for the same violations.

The city's effort to extract a second penalty on the theory that Perri violated the ordinance *again* years after he no longer had possession, control or ownership of the houses is equally untenable. A builder is not continuously guilty, day after day and year after year, for the condition of buildings after his possession, control and ownership of them has ceased.

The facts speak so loudly for themselves that reference to the law is unnecessary.

Order reversed.